PICKETT, J.,
concurring in part and dissenting in part.
hi concur with the majority that the fee application submitted by the attorneys for Covington was properly accepted by the trial court. I also concur with the determination that the reduction of hours was error and would increase the hours to the full number submitted in the fee application. I join the opinion insofar as damages for frivolous appeal are denied and with the dispositions of the motions to strike.
I disagree with the majority that the trial court abused its discretion in setting the hourly rate at $240.00. McNeese submitted recent cases from the Western District which were unpublished, and which the trial court claimed not to rely on in reaching its decision that the hourly rate would be $240.00. I see no reason to similarly discount those cases. I believe the $240.00 figure is within the broad discretion afforded the trial court in setting the rate, and would affirm the trial court’s judgment.
I also disagree that an enhancement of the lodestar calculation is appropriate in this case. As I read the Supreme Court jurisprudence comprehensively cited by the majority, I would find that this is not *436 the “rare and exceptional case” in which the award should be enhanced. The majority notes that the U.S. Supreme Court has tried to “cabin” the use of enhancements. I find that the “strong presumption” |2that the lodestar fee is reasonable holds in this case. I agree that McNeese and its agents acted deplorably towards Covington, its lawyers used every dilatory tactic in the book to avoid compensating her or addressing her grievances, and that the abuse continued into this litigation over the attorney fees. But I find that the award is sufficient to compensate Coving-ton’s attorneys. I would simply find that the amount reached by applying the lodestar calculation is not unreasonably low, and therefore an enhancement is not appropriate, for these reasons and the reasons assigned by Judge Amy in his dissent.
Finally, I dissent from the amount awarded for attorney fees for work done on appeal. I agree that we can and should award additional fees. See Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), where the Supreme Court affirmed an award of additional attorney fees for work done appeal in a suit brought by prisoners in Arkansas. I think, though, that in order to award additional attorney fees, we must make a specific finding' that Covington is a prevailing party under 42 U.S.C. § 12205 in this appeal. I would so find. Nevertheless, I believe the amount awarded by the majority is excessive, and would award a lower amount.